UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20205

JULIANNE JENNINGS,

      Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE, and
ONE SPA WORLD LLC,

      Defendants.

_____/

**COMPLAINT FOR DAMAGES**
**AND DEMAND FOR TRIAL BY JURY**

Plaintiff, JULIANNE JENNINGS ("JENNINGS"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation, d/b/a CARNIVAL CRUISE LINE ("CARNIVAL"), ONE SPA WORLD LLC ("SPA WORLD") (Collectively, "Defendants"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1.    JENNINGS seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333.

3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

4.    Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by Defendant.

5.    JENNINGS is *sui juris* and is a resident and citizen of the state of Michigan.

6.    Defendant CARNIVAL is a foreign corporation who is authorized to conduct and who does conduct business in the state of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

7.    Defendant CARNIVAL is a dual citizen of the State of Florida and the nation of Panama.

8.    Defendant CARNIVAL, at all times material hereto, personally or through an agent, in Miami-Dade County, Florida, in the Southern District of Florida:

      a.    Operated, conducted, engaged in or carried on a business venture; and/or

      b.    Had an office or agency; and/or

      c.    Engaged in substantial activity; and/or

      d.    Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193.

9.    All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

10.    Defendant SPA WORLD is a foreign corporation who is authorized to conduct and who does conduct business in the state of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

11.    Defendant SPA WORLD is a citizen of the State of Florida.

12.    Defendant SPA WORLD, at all times material hereto, personally or through an agent, in Miami-Dade County, Florida, in the Southern District of Florida:

a.      Operated, conducted, engaged in or carried on a business venture; and/or

b.      Had an office or agency; and/or

c.      Engaged in substantial activity; and/or

d.      Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193.

## FACTUAL ALLEGATIONS

13.     At all times material hereto, Defendant CARNIVAL owned, operated, maintained, managed, and/or controlled the cruise ship, the CARNIVAL *Mardi Gras*.

14.     At all times material hereto, Defendants owned, operated, maintained, managed, hired the personnel, supervised, and/or controlled the subject spa involved in JENNINGS' incident.

15.     On or about December 4, 2021, JENNINGS was a fare paying passenger on Defendant CARNIVAL's vessel, the CARNIVAL *Mardi Gras*.

16.     JENNINGS was receiving a bamboo massage when the massage therapist dangerously, forcefully, improperly, and otherwise negligently caused Plaintiff serious injuries and/or damages.

17.     JENNINGS attempted to go to Defendant CARNIVAL's medical center, but Defendant CARNIVAL's medical center did not treat JENNINGS for her injuries when she presented to the medical center.

18.     The dangers to JENNINGS included, but are not limited to, the following:

a.      Defendants' employees and/or agents' improper massaging and handling of their massage patrons, including JENNINGS, and/or;

b.      Defendants' employees and/or agents were inadequately experienced, trained, qualified, and/or otherwise suitable for providing safe massages; and/or

c. The massage that was given to JENNINGS was unreasonably rough, dangerous, and/or otherwise unsafe, and Defendants failed to correct and/or warn of this type of massage; and/or

d. Failing to adequately treat JENNINGS at Defendant CARNIVAL's Medical center; and/or

e. Other dangerous conditions that will be revealed through discovery.

19. Defendants either knew or should have known of these dangers, due to reasons that include, but are not limited to, the following:

a. JENNINGS' injuries were caused by the negligence of Defendants' employees and/or agents, including the massage therapist that injured JENNINGS' with the massage, and as such, are vicariously liable for the negligence of their employees and/or agents, such that JENNINGS needs not prove notice pursuant to *Yusko v. NCL (Bahamas), Ltd*., 4 F.4th 1164 (11th Cir. 2021).

b. Previous massage patrons suffered prior incidents in which massage patrons were mishandled and/or injured by Defendants' employees.

c. Upon information and belief, there are relevant safety standards/recommendations/other guidelines regarding the safety of massages, and Defendants should have known of these standards because whether such standards are legally required for Defendants to comply with or not, a fact-finder is entitled to determine, if it so choses, that these standards/recommendations/other guidelines show what reasonable Defendants should have done.

d. Defendants also should have known of the danger of the massage therapist that injured JENNINGS through properly evaluating the negligent performance and conduct of

this massage therapist prior to JENNINGS' incident.

e.   Moreover, Defendants knew or should have known of the danger to JENNINGS for other reasons that will be revealed through discovery.

20.   The crewmembers of the CARNIVAL *Mardi Gras* were in regular full-time employment of Defendant CARNIVAL and/or the ship, as salaried crewmembers, subject to the ship's discipline and master's orders.

21.   Defendants had the right to hire and fire their employees and/or agents.

22.   Defendants are directly responsible and liable for their actions and the actions of their employees and/or agents.

23.   The crewmembers were employees and/or actual agents and/or apparent agents of Defendant CARNIVAL, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

24.   The staff in the subject spa were employees and/or actual agents and/or apparent agents of Defendant CARNIVAL and/or Defendant SPA WORLD, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

25.   These staff members were represented to JENNINGS and the ship's passengers as employees of Defendant CARNIVAL through signs, documents, and/or uniforms. The staff were also paid a salary and/or an hourly wage by Defendant CARNIVAL and/or Defendant CARNIVAL knew that the staff represented themselves to be employees of Defendant CARNIVAL and allowed them to represent themselves as such. JENNINGS detrimentally relied on these representations as she would not have proceeded on the subject cruise had she believed the staff members were not employees of Defendant CARNIVAL.

**COUNT I**
**NEGLIGENT FAILURE TO WARN AS TO CARNIVAL**

26.     JENNINGS hereby adopts and re-alleges each and every allegation in paragraphs 1 through 25 as if set forth herein.

27.     At all times relevant, Defendant CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including JENNINGS.

28.     Such duty includes, but is not limited to, the duty that Defendant CARNIVAL owes to warn passengers of any dangers that it knew or should have known that were not open and obvious to JENNINGS.

29.     Such duty also includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

30.     At all times material, Defendant CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant CARNIVAL, breached the duty of reasonable care owed to JENNINGS and was negligent by failing to warn JENNINGS of the dangers discussed in the "Factual Allegations" section of the instant complaint.

31.     Furthermore, Defendant CARNIVAL failed to warn JENNINGS about the risks associated with the massage that injured her, including, but not limited to, the risk of suffering the incident, injuries, and/or damages she suffered.

32.     Furthermore, Defendant CARNIVAL knew or should have known of these dangerous conditions for the reasons discussed in the "Factual Allegations" section of the instant complaint.

33.     These dangers were also created by Defendant CARNIVAL.

34.     These dangers existed for a period of time before the incident.

35.     These dangers were neither open nor obvious to JENNINGS.

36.    Defendant CARNIVAL's breach was the cause in-fact of JENNINGS' great bodily harm in that, but for Defendant's breach, JENNINGS' injuries would not have occurred.

37.    Defendant CARNIVAL's breach proximately caused JENNINGS great bodily harm in that the incident that occurred was a foreseeable result of Defendant CARNIVAL's breach.

38.    As a result of Defendant CARNIVAL's negligence, JENNINGS has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, and loss of the value of JENNINGS' vacation, cruise, and transportation costs.

39.    The losses are either permanent or continuing in nature.

40.    JENNINGS has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, JULIANNE JENNINGS, demands Judgment against Defendant, CARNIVAL, for damages suffered and costs incurred, as well as for damages and costs that JENNINGS will suffer and incur in the future, as a result of JENNINGS' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money, loss of the value of JENNINGS' vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO WARN AS TO SPA WORLD

41.    JENNINGS hereby adopts and re-alleges each and every allegation in paragraphs 1 through 25 as if set forth herein.

42.   At all times relevant, Defendant SPA WORLD owed a duty to exercise reasonable care under the circumstances for the safety of its patrons, including JENNINGS.

43.   Such duty includes, but is not limited to, the duty that Defendant SPA WORLD owes to warn patrons of any dangers that it knew or should have known that were not open and obvious to JENNINGS.

44.   Such duty also includes, but is not limited to, the duty to warn patrons of hazards which patrons may reasonably be expected to encounter.

45.   At all times material, Defendant SPA WORLD, through its agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant SPA WORLD, breached the duty of reasonable care owed to JENNINGS and was negligent by failing to warn JENNINGS of the dangers discussed in the "Factual Allegations" section of the instant complaint.

46.   Furthermore, Defendant SPA WORLD failed to warn JENNINGS about the risks associated with the massage that injured her, including, but not limited to, the risk of suffering the incident, injuries, and/or damages she suffered.

47.   Furthermore, Defendant SPA WORLD knew or should have known of these dangerous conditions for the reasons discussed in the "Factual Allegations" section of the instant complaint.

48.   These dangers were also created by Defendant SPA WORLD.

49.   These dangers conditions existed for a period of time before the incident.

50.   These dangers were neither open nor obvious to JENNINGS.

51.   Defendant SPA WORLD's breach was the cause in-fact of JENNINGS' great bodily harm in that, but for Defendant's breach, JENNINGS' injuries would not have occurred.

52.   Defendant SPA WORLD's breach proximately caused JENNINGS great bodily harm in that the incident that occurred was a foreseeable result of Defendant SPA WORLD's breach.

53.   As a result of Defendant SPA WORLD's negligence, JENNINGS has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, and loss of the value of JENNINGS' vacation, cruise, and transportation costs.

54.   The losses are either permanent or continuing in nature.

55.   JENNINGS has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, JULIANNE JENNINGS, demands Judgment against Defendant, SPA WORLD, for damages suffered and costs incurred, as well as for damages and costs that JENNINGS will suffer and incur in the future, as a result of JENNINGS' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money, loss of the value of JENNINGS' vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT III
## <u>NEGLIGENCE AS TO CARNIVAL FOR THE ACTS OF THE MASSAGE THERAPIST BASED ON VICARIOUS LIABILITY THROUGH APPARENT AGENCY</u>

56.   JENNINGS hereby adopts and re-alleges each and every allegation in paragraphs 1 through 25, as if set forth herein.

57.   At all times material hereto, the massage therapist in the subject spa, including the

massage therapist that injured JENNINGS, were represented to JENNINGS and the ship's passengers as employees and/or agents and/or servants of Defendant, in that:

    a.   They wore a ship's uniform.

    b.   They ate with the ship's crew.

    c.   They were under the commands of the ship's officers.

    d.   They worked in a department of CARNIVAL's on the subject ship.

    e.   They were paid a salary by CARNIVAL.

    f.   They worked aboard the vessel.

    g.   They spoke to JENNINGS as though they had authority to do so by CARNIVAL.

    h.   CARNIVAL allowed its name to be utilized in connection with the advertising of the subject spa.

    i.   CARNIVAL made all arrangements for the subject spa without effectively disclosing to JENNINGS that the subject spa was being run by another entity (and/or entities) that it contends are not its agent(s).

    j.   CARNIVAL marketed the subject spa using its company logo on its website, its app and/or in its brochures and/or on its ship without effectively disclosing to JENNINGS that the subject spa was being run by another entity (and/or entities) that it contends are not its agent(s).

    k.   CARNIVAL maintained a website, television service, and a guest services desk on its ship whereby it offered, sold, provided

information to, promoted, and answered questions of passengers about the subject spa without effectively disclosing to JENNINGS that the subject spa was being run by another entity (and/or entities) that it contends are not its agent(s).

l.  Until the point that JENNINGS actually participated in the subject spa, JENNINGS' exclusive contacts concerning the subject spa was with CARNIVAL, and JENNINGS booked the time in the subject spa on CARNIVAL's website and/or app.

m. JENNINGS received the receipt for the purchase of the subject spa exclusively from CARNIVAL.

n.  In addition, Defendant CARNIVAL further represented to JENNINGS that the massage therapists in the subject spa were agents and/or employees of Defendant through its marketing materials and through other official statements that described the subject spa in proprietary language, including language such as "CARNIVAL CORPORATION's/the CARNIVAL *Mardi Gras*'s/our spa," and through encouraging JENNINGS to make use of "its" infirmary/medical center if JENNINGS was in need of medical attention.

58.  Furthermore, at no time did Defendant represent to JENNINGS in particular, or the ship's passengers in general, in a meaningful way that the spa's staff were not agents or employees of Defendant CARNIVAL.

59.  At all material times, JENNINGS reasonably relied on the representations to

JENNINGS' detriment that the spa's staff were employees, and/or agents, and/or servants of Defendant CARNIVAL.

60. It was reasonable to believe that the spa's staff were Defendant CARNIVAL's agents because they wore a ship's uniform. In addition, at all times material, the spa's staff spoke and acted as though they were authorized to do so by Defendant.

61. This reasonable reliance was detrimental because JENNINGS would not have gone to the subject spa had JENNINGS known that the spa staff on the ship were not Defendant CARNIVAL's agents.

62. Defendant CARNIVAL is estopped to deny that the spa's staff were its apparent agents, and/or apparent employees, and/or apparent servants.

63. Defendant CARNIVAL had a duty to provide JENNINGS with reasonable care under the circumstances, and through the acts of its apparent agents, breached its duty to provide JENNINGS with reasonable care under the circumstances.

64. Defendant CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

65. Defendant CARNIVAL is vicariously liable for the acts of the subject massage therapists, as discussed in the "Factual Allegations" section of the instant complaint.

66. This negligence proximately caused JENNINGS great bodily harm in that, but for this negligence, JENNINGS' injuries would not have occurred.

67. As a result of Defendant CARNIVAL's negligence, JENNINGS has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, and loss of the value of JENNINGS'

vacation, cruise, and transportation costs.

68.    The losses are either permanent or continuing in nature.

69.    JENNINGS has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, JULIANNE JENNINGS, demands Judgment against Defendant, CARNIVAL, for damages suffered and costs incurred, as well as for damages and costs that JENNINGS will suffer and incur in the future, as a result of JENNINGS' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money, loss of the value of JENNINGS' vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT IV**
**NEGLIGENCE AS TO SPA WORLD FOR THE ACTS OF ITS STAFF, EMPLOYEES, AND/OR AGENTS, BASED ON VICARIOUS LIABILITY**

70.    JENNINGS hereby adopts and re-alleges each and every allegation in paragraphs 1 through 25, as if set forth herein.

71.    Defendant SPA WORLD owed a duty to exercise reasonable care under the circumstances for the safety of its patrons.

72.    The people who were working in the subject spa at the time of JENNINGS' incident, including the massage therapist that injured JENNINGS, were agents of Defendant SPA WORLD, for the following reasons:

73.    They were the staff and/or employees of Defendant SPA WORLD, or were Defendant SPA WORLD's agents, apparent agents, and/or servants.

74. These staff, employees, and/or agents were subject to the right of control by Defendant SPA WORLD.

75. These staff, employees, and/or agents were acting within the scope of their employment or agency.

76. Defendant SPA WORLD acknowledged that these staff, employees, and/or agents would act on Defendant SPA WORLD's behalf, and they accepted the undertaking.

77. Defendant SPA WORLD is vicariously liable for the acts of its staff, employees, and/or agents, including the massage therapist that injured JENNINGS, as discussed in the "Factual Allegations" section of the instant complaint.

78. This negligence proximately caused JENNINGS great bodily harm in that, but for this negligence, JENNINGS' injuries would not have occurred.

79. As a result of Defendant SPA WORLD's negligence, JENNINGS has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, and loss of the value of JENNINGS' vacation, cruise, and transportation costs.

80. The losses are either permanent or continuing in nature.

81. JENNINGS has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, JULIANNE JENNINGS, demands Judgment against Defendant, SPA WORLD, for damages suffered and costs incurred, as well as for damages and costs that JENNINGS will suffer and incur in the future, as a result of JENNINGS' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical

care and treatment, nursing care and treatment, lost wages, loss of ability to earn money, loss of the value of JENNINGS' vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT V**
<u>**VICARIOUS LIABILITY AGAINST DEFENDANT CARNIVAL FOR THE**</u>
<u>**NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**</u>

82.    JENNINGS incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 25, and further alleges:

83.    Defendant CARNIVAL, through the ship's medical staff (including its physicians and nurses), and the ship's crew, owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

84.    Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

85.    At all times material, the ship's medical staff (including its physicians and nurses), and the ship's crew, were full time employees and agents of Defendant CARNIVAL, subject to its direction and control, who were engaged in the activity of discharging Defendant CARNIVAL's obligation to make such medical aid and assistance available to its passengers as would an ordinarily prudent person under the circumstances.

86.    Defendant CARNIVAL is estopped to deny that the ship's medical staff (including its physicians and nurses), and the ship's crew, were its agents and/or employees and/or servants.

87.    Defendant CARNIVAL directly paid the ship's medical personnel and regular crew a salary (i.e., payment by time) for their work in the ship's hospital and in treating passengers.

88.   Defendant CARNIVAL created, owned, directly provided, and operated, the medical center to be used by the ship's medical personnel and passengers.

89.   Defendant CARNIVAL pays to stock the medical center with all supplies, medical machinery, various medicines, and equipment to be used therein, regularly stocking and restocking same.

90.   Defendant CARNIVAL collected all medical revenues directly from passengers and generated a profit on the sale of medical services, supplies, and equipment made by the ship's medical personnel to the passengers of the vessel.

91.   Defendant CARNIVAL's marketing materials described the infirmary in proprietary language.

92.   The ship's medical personnel were members of the ship's crew; they were subject to the ship's discipline; they were required to wear the ship's uniforms; they (and, in particular, the ship's physicians) were members of the ship's officer's compliment, and at all times they were subject to termination, or other discipline, by Defendant CARNIVAL.

93.   Defendant CARNIVAL provided the ship's medical personnel certain forms of liability insurance and/or indemnification rights.

94.   Defendant CARNIVAL, through the ship's medical staff (including its physicians and nurses), and the ship's crew, breached its duties, and was negligent by failing to adequately examine, diagnose, and/or treat JENNINGS' injuries.

95.   Furthermore, Defendant CARNIVAL, through its employees and/or agents, breached its duties, and was negligent because the physicians and/or other crew members that were responsible for treating JENNINGS lacked adequate experience in treating the injuries

JENNINGS suffered.

96.    Defendant CARNIVAL, through the ship's medical staff (including its physicians and nurses), and the ship's crew, also breached its duties and was negligent by failing to adequately supply and equip its medical center to be able to adequately examine, diagnose, and treat JENNINGS' injuries.

97.    Moreover, Defendant CARNIVAL, through the ship's medical staff (including its physicians and nurses), and the ship's crew, breached its duties, and was negligent by failing to take proper measures to ensure that JENNINGS was able to obtain the medical treatment JENNINGS needed in a reasonable amount of time, and as a result, JENNINGS suffered additional injuries and/or JENNINGS' injuries were aggravated and made worse.

98.    Additionally, at all times material hereto, Defendant CARNIVAL, through the ship's medical staff (including its physicians and nurses), and the ship's crew, was careless, negligent, and breached its duties as follows (for factual details, see the "Factual Allegations" section of the instant complaint):

    a.  Failing to treat JENNINGS at Defendant CARNIVAL's medical center;

    b.  Failing to promptly provide JENNINGS with proper medical care and attention;

    c.  Failing to timely and properly diagnose and/or assess JENNINGS' medical condition;

    d.  Failing to timely and properly attend to JENNINGS, JENNINGS' injuries, and JENNINGS' pain;

    e.  Failing to provide reasonable medical care;

    f.  Failing to timely and properly treat and care for JENNINGS;

    g.  Failing to timely and properly examine JENNINGS' injuries;

h.   Failing to take proper measures to secure proper treatment for JENNINGS, including unreasonably delaying taking measures to secure such proper treatment;

i.   Failing to adequately medically evacuate and/or medically disembark JENNINGS to receive proper treatment for her injuries;

j.   Failing to properly bring and/or arrange for JENNINGS to be brought to the ship's infirmary/medical center within a reasonable amount of time; and/or

k.   Failing to give JENNINGS proper discharge instructions.

99.   Under the doctrine of Respondeat Superior, employers are vicariously liable for the negligent acts or omissions by their employees and/or other agents within the course of their employment and/or agency.

100.   Defendant CARNIVAL is therefore vicariously liable for all injuries and damages sustained by JENNINGS as a result of the negligence of the ship's medical staff (including its physicians and nurses), and the ship's crew.

101.   At all times material hereto, the aforementioned acts or omissions on the part of the Defendant CARNIVAL's ship's medical staff (including its physicians and nurses), and the ship's crew, fell below the standard of care.

102.   The negligence of Defendant CARNIVAL's ship's medical staff (including its physicians and nurses), and the ship's crew, proximately caused JENNINGS great bodily harm in that, but for Defendant CARNIVAL's negligence, JENNINGS' injuries would not have occurred and/or said injuries would have been substantially lessened.

103.   Defendant CARNIVAL, through its employees and agents, to wit, the ship's medical

staff, knew or should have known that the medical procedures they employed violated and/or did not meet reasonable standards of medical care.

104.  As a result of Defendant CARNIVAL's negligence, JENNINGS has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, loss of the value of JENNINGS' vacation, cruise, and transportation costs.

105.  The losses are either permanent or continuing in nature.

106.  JENNINGS has suffered these losses in the past and will continue to suffer such Losses in the future.

**WHEREFORE**, Plaintiff, JULIANNE JENNINGS, demands Judgment against Defendant, CARNIVAL, for damages suffered and costs incurred, as well as for damages and costs that JENNINGS will suffer and incur in the future, as a result of JENNINGS' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of JENNINGS' vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT VI**
**<u>APPARENT AGENCY AS TO CARNIVAL</u>**
**<u>FOR THE ACTS OF THE SHIP'S MEDICAL STAFF</u>**

107.  JENNINGS incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 25, and further alleges:

108.  At all times material hereto, the ship's medical staff were represented to JENNINGS

and the ship's passengers as employees and/or agents and/or servants of Defendant CARNIVAL, in that:

    a.   The medical staff wore a ship's uniform;

    b.   The medical staff ate with the ship's crew;

    c.   The medical staff was under the commands of the ship's officers;

    d.   The medical staff worked in the ship's medical department;

    e.   The medical staff was paid a salary by Defendant CARNIVAL;

    f.   The medical staff worked aboard the vessel;

    g.   The medical staff spoke to JENNINGS as though they had authority to do so by Defendant CARNIVAL.

109. In addition, Defendant CARNIVAL further represented to JENNINGS that the vessel's medical staff were agents and/or employees of Defendant CARNIVAL through its marketing materials and through other official statements that described the infirmary in proprietary language, including language such as "CARNIVAL CORPORATION's/the CARNIVAL CORPORATION *Mardi Gras*'s/our infirmary/medical center," and through encouraging JENNINGS to make use of "its" infirmary/medical center if JENNINGS was in need of medical attention.

110. Furthermore, at no time did Defendant CARNIVAL represent to JENNINGS in particular, or the ship's passengers in general, in a meaningful way that the vessel's medical staff were not agents or employees of Defendant CARNIVAL.

111. At all material times, JENNINGS reasonably relied on the representations to JENNINGS' detriment that the medical staff were employees, and/or agents, and/or servants of Defendant CARNIVAL.

112. It was reasonable to believe that the medical staff were Defendant CARNIVAL's agents because they wore a ship's uniform. In addition, at all times material, the medical staff spoke and acted as though they were authorized to do so by Defendant CARNIVAL.

113. This reasonable reliance was detrimental because it delayed JENNINGS from receiving proper medical treatment and/or JENNINGS would not have gone on the subject cruise with Defendant CARNIVAL had JENNINGS known that the medical staff on the ship were not Defendant CARNIVAL's agents.

114. Defendant CARNIVAL is estopped to deny that the medical staff were its apparent agents, and/or apparent employees, and/or apparent servants.

115. Defendant CARNIVAL had a duty to provide JENNINGS with reasonable care under the circumstances and through the acts of its apparent agents breached its duty to provide JENNINGS with reasonable care under the circumstances.

116. JENNINGS' injuries were aggravated due to the fault and/or negligence of Defendant CARNIVAL through the acts of its apparent agents as follows (for factual details, see the "Factual Allegations" section of the instant complaint):

    a.   Failing to treat JENNINGS at Defendant CARNIVAL's medical center;

    b.   Failing to promptly provide JENNINGS with proper medical care and attention;

    c.   Failing to timely and properly diagnose and/or assess JENNINGS' medical condition;

    d.   Failing to timely and properly attend to JENNINGS, JENNINGS' injuries, and JENNINGS' pain;

    e.   Failing to provide reasonable medical care;

    f.   Failing to timely and properly treat and care for JENNINGS;

g.  Failing to timely and properly examine JENNINGS' injuries;

h.  Failing to take proper measures to secure proper treatment for JENNINGS, including unreasonably delaying taking measures to secure such proper treatment;

i.  Failing to adequately medically evacuate and/or medically disembark JENNINGS to receive proper treatment for her injuries;

j.  Failing to properly bring and/or arrange for JENNINGS to be brought to the ship's infirmary/medical center within a reasonable amount of time; and/or

k.  Failing to give JENNINGS proper discharge instructions.

117.  As a result of Defendant CARNIVAL's negligence, JENNINGS has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, loss of the value of JENNINGS' vacation, cruise, and transportation costs.

118.  The losses are either permanent or continuing in nature.

119.  JENNINGS has suffered these losses in the past and will continue to suffer such Losses in the future.

**WHEREFORE**, Plaintiff, JULIANNE JENNINGS, demands Judgment against Defendant, CARNIVAL, for damages suffered and costs incurred, as well as for damages and costs that JENNINGS will suffer and incur in the future, as a result of JENNINGS' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of JENNINGS' vacation, cruise, and transportation costs, loss of important bodily functions, and loss

of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT VII**
**ASSUMPTION OF DUTY AS TO CARNIVAL FOR THE**
**NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

120.  JENNINGS incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 25, and further alleges:

121.  Defendant CARNIVAL owed JENNINGS the duty to exercise reasonable care under the circumstances for the safety of its passengers.

122.  Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

123.  Defendant CARNIVAL elected to discharge this duty by having JENNINGS seen by its own ship's physicians and/or other crew members.

124.  As such, Defendant CARNIVAL voluntarily assumed a duty for the benefit of JENNINGS to use reasonable care in the provision of medical services to JENNINGS.

125.  Defendant CARNIVAL breached its duties, and was negligent by failing to adequately examine, diagnose, and/or treat JENNINGS' injuries.

126.  Furthermore, Defendant CARNIVAL breached its duties, and was negligent because the physicians and/or other crew members that were responsible for treating JENNINGS lacked adequate experience in treating injuries such as the one JENNINGS suffered.

127.  Defendant CARNIVAL also breached its duties and was negligent by failing to adequately supply its medical center to be able to adequately examine, diagnose, and treat JENNINGS' injuries.

128. Defendant CARNIVAL breached its duties and was negligent by failing to take proper measures to ensure that JENNINGS was able to obtain the medical treatment JENNINGS needed in a reasonable amount of time, and as a result, JENNINGS suffered additional injuries and/or JENNINGS' injuries were aggravated and made worse.

129. Additionally, at all times material hereto, Defendant CARNIVAL was careless, negligent, and breached its duties as follows (for factual details, see the "Factual Allegations" section of the instant complaint):

a.  Failing to treat JENNINGS at Defendant CARNIVAL's medical center;

b.  Failing to promptly provide JENNINGS with proper medical care and attention;

c.  Failing to timely and properly diagnose and/or assess JENNINGS' medical condition;

d.  Failing to timely and properly attend to JENNINGS, JENNINGS' injuries, and JENNINGS' pain;

e.  Failing to provide reasonable medical care;

f.  Failing to timely and properly treat and care for JENNINGS;

g.  Failing to timely and properly examine JENNINGS' injuries;

h.  Failing to take proper measures to secure proper treatment for JENNINGS, including unreasonably delaying taking measures to secure such proper treatment;

i.  Failing to adequately medically evacuate and/or medically disembark JENNINGS to receive proper treatment for her injuries;

j.  Failing to properly bring and/or arrange for JENNINGS to be brought to the ship's infirmary/medical center within a reasonable amount of time; and/or

      k.  Failing to give JENNINGS proper discharge instructions.

130.  At all times material hereto, the aforementioned acts or omissions on the part of Defendant CARNIVAL fell below the standard of care.

131.  Defendant CARNIVAL's negligence proximately caused JENNINGS great bodily harm in that, but for  Defendant CARNIVAL's negligence, JENNINGS' injuries would not have occurred, would have been substantially lessened, and/or would not have been aggravated.

132.  Defendant CARNIVAL, through its employees and agents, to wit, the ship's medical staff, knew, or should have known, that the medical procedures they employed violated reasonable standards of medical care.

133.  As a result of Defendant CARNIVAL's negligence, JENNINGS has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity, loss of the value of JENNINGS' vacation, cruise, and transportation costs.

134.  The losses are either permanent or continuing in nature.

135.  JENNINGS has suffered these losses in the past and will continue to suffer such Losses in the future.

      **WHEREFORE**, Plaintiff, JULIANNE JENNINGS, demands Judgment against Defendant, CARNIVAL, for damages suffered and costs incurred, as well as for damages and costs that JENNINGS will suffer and incur in the future, as a result of JENNINGS' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, and lost earning capacity, loss of the value of JENNINGS' vacation, cruise, and transportation costs, loss of important bodily functions, and loss

of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, JULIANNE JENNINGS, demands trial by jury on all issues so triable.

**Dated:** January 17, 2022.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:       (305) 441.0440
F:       (305) 441.0198
***Attorneys for Plaintiff***