# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20205-KING/DAMIAN

JULIANNE JENNINGS,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE, and
ONE SPA WORLD LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTIONS TO STRIKE
## AFFIRMATIVE DEFENSES [ECF NOS. 11 AND 12]

THIS CAUSE is before the Court on Plaintiff, Julianne Jennings's ("Plaintiff"), Motion to Strike Defendant, Carnival Corporation's ("Carnival"), Affirmative Defenses [ECF No. 11] and Motion to Strike Defendant, OneSpaWorld (Bahamas) Limited's ("OneSpaWorld")[1] (collectively, "Defendants"), Affirmative Defenses [ECF No. 12] (the "Motions to Strike"), filed March 3, 2022. This matter was referred by the Honorable James Lawrence King, United States District Judge, for a Report and Recommendation. [ECF No. 13]. *See* 28 U.S.C. § 636.

The undersigned has considered the Motions to Strike, Defendants' Joint Response [ECF No. 14], and the pertinent portions of the record and all relevant authorities. For the

---

[1] The undersigned notes that Plaintiff named an incorrect legal entity, One Spa World, LLC, in the Complaint.

following reasons, it is recommended that Plaintiff's Motions to Strike Affirmative Defenses [ECF Nos. 11 and 12] be granted in part and denied in part.

## I. BACKGROUND

Plaintiff brought this maritime negligence action seeking damages for injuries she allegedly sustained following "an unreasonably rough, dangerous, and/or otherwise unsafe" bamboo massage performed by OneSpaWorld's massage therapist while aboard Carnival's cruise ship *Mardi Gras*. *See* ECF No. 1 ("Complaint"), at ¶¶ 15–18. As alleged in the Complaint, Plaintiff tried to receive treatment for her injuries at Carnival's medical center but alleges she was not treated by Carnival's medical staff. *Id.* ¶ 17.

Plaintiff's seven-count Complaint alleges negligent failure to warn as to each Defendant (Counts I and II), negligence against both Defendants for the acts of OneSpaWorld's massage therapist (Counts III and IV), and claims for vicarious liability, apparent agency, and assumption of duty against Carnival for the negligence of the cruise ship's medical staff (Counts V, VI and VII). *Id.* ¶¶ 26–135. OneSpaWorld answered the Complaint and asserted nineteen (19) affirmative defenses and a reservation of the right to amend its affirmative defenses. [ECF No. 7]. Similarly, Carnival answered the Complaint and asserted twenty (20) affirmative defenses and a reservation of the right to amend. [ECF No. 8].

Plaintiff filed two separate Motions to Strike eleven of each Defendant's affirmative defenses. [ECF Nos. 11 and 12]. Defendants filed a Joint Response. [ECF No. 14 ("Joint Response")]. In the Joint Response, Defendants agreed to withdraw two affirmative defenses. *Id.* at 1 n.1. Specifically, Defendants agreed to withdraw their affirmative defense of a "set-off for all sums paid or payable by collateral sources" (*i.e.*, Defendants' Affirmative Defense G)

and their affirmative defense asserting "Plaintiff's claim against Defendant is a fraud in whole or in part" (*i.e.*, Carnival's Affirmative Defense T / OneSpaWorld's Affirmative Defense S). [ECF No. 7, at 7–8; ECF No. 8, at 9, 11]. Defendants argue that the other challenged affirmative defenses[2] should not be stricken because each defense provides the basic notice required by law and the parties have yet to engage in discovery to provide the necessary factual support for their defenses. *See* Joint Response, at 2.

## II.  APPLICABLE LEGAL STANDARDS

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). The purpose of an affirmative defense is to "help frame the issues of a case" by giving "the opposing party notice of an issue so that the party is prepared to properly litigate the issue." *Losada v. Norwegian (Bah.) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (King, J.) (citing *Hassan v. U.S.P.S.*, 842 F.2d 260, 263 (11th Cir. 1988)). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Similarly, affirmative defenses which simply deny the complaint's allegations are also not affirmative defenses. *Losada*, 296 F.R.D. at 690.

Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Rule 8 does not require a defendant to set forth detailed factual allegations, but a defendant must give the

---

[2] As noted in the Joint Response, Defendants' affirmative defenses are identical in substance.

plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 553 (2007).[3]

In *Losada*, Judge King specified that affirmative defenses should be subject to the same general pleading standards of complaints so that a plaintiff may be given sufficient notice of the defense asserted and the ground upon which it rests. 296 F.R.D. at 691. Judge King also noted that although "one cannot demand the same volume of facts as could be required of a Complaint," there should, nonetheless, "be sufficient facts pleaded in an affirmative defense to show how and why the defense asserted applies to a case." *Id.*

Although a court has broad discretion when reviewing a motion to strike, such motions are considered "a drastic remedy" and are often "disfavored by the courts." *Simmons v. Royal Caribbean Cruises, Ltd.*, 423 F. Supp. 3d 1350, 1352 (S.D. Fla. 2019). Courts will, therefore, strike an affirmative defense if it is insufficient as a matter of law. *Id.* "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (citation omitted). "[A]ny insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" may be stricken from any pleading. Fed. R. Civ. P. 12(f).

---

[3] There is a split among the courts regarding the pleading standard required for affirmative defenses. *See generally McLendon v. Carnival Corp.*, No. 20-24939, 2021 WL 848945, at *3 (S.D. Fla. Mar. 4, 2021) (explaining some courts in the Eleventh Circuit have concluded that affirmative defenses are subject to the heightened *Twombly-Iqbal* pleading standard of Rule 8(a) and others have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c) under which affirmative defenses "need only provide fair notice of the nature of the defense and the grounds upon which its rests"). *See also Losada v. Norwegian (Bah.) Ltd.*, 296 F.R.D. 688, 690–91 (S.D. Fla. 2013) (King, J.) (discussing the debate among the district courts as to the pleading requirements for affirmative defenses).

With the foregoing in mind, the undersigned considers whether Defendants' Affirmative Defenses are sufficient as a matter of law and whether they provide fair notice of the nature of the defense and the grounds upon which it rests. *See Mushilla Holdings, LLC v. Scottsdale Ins. Co.*, No. 20-cv-20832, 2020 WL 6135804, at *1 (S.D. Fla. June 16, 2020) (quoting *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 09-cv-21698, 2010 WL 3212066, at *2 (S.D. Fla. Aug. 12, 2010)).

### III. DISCUSSION

As indicated above, after Defendants agreed to withdraw two of their affirmative defenses, there are nine remaining defenses Plaintiff challenges.

1. *Defendants' Affirmative Defenses C, D, and E*

Carnival's and OneSpaWorld's Affirmative Defenses C, D, and E state:

Defendants' Affirmative Defense C

> Plaintiff's damages were caused or exacerbated as a result of intervening and/or superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

Defendants' Affirmative Defense D

> Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

Defendants' Affirmative Defense E

> Plaintiff has a duty to mitigate the losses or damages claimed against Defendant by taking advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage.

[ECF No. 8, at 8–9; ECF No. 7, at 6–7].

Plaintiff asserts these affirmative defenses should be stricken because Defendants failed to provide sufficient facts in support of the defenses asserted. *See* Motions to Strike, at 2–3, 8–9. Defendants argue they "do not yet have the benefit of discovery to provide factual support and evidence as requested by Plaintiff." Joint Response, at 5, 7–8. As Judge King explained in *Losada*, although the Court cannot demand the same volume of facts as required of a Complaint, there should "be sufficient facts pleaded in an affirmative defense to show how and why the defense asserted applies to a case." 296 F.R.D. at 691.

Defendants' Affirmative Defense C asserts an intervening/superseding cause defense. This is a legally valid affirmative defense. *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1352 (S.D. Fla. 2020) ("Under general federal maritime law, a superseding cause defense, if successful, completely exculpates the defendant of any liability in the matter."). Affirmative Defense D raises the issue of Plaintiff's comparative fault, which is also a legally valid affirmative defense. *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D 688, 693 (S.D. Fla. 2020) (noting defense of comparative fault is specifically enumerated in Rule 8(c)(1)). And Affirmative Defense E purports to assert a failure to mitigate damages defense which is, generally, a legally valid defense in admiralty cases. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286–87 (11th Cir. 2000) (holding that failure to mitigate damages is an affirmative defense under Rule 8(c)'s catchall clause).

Given that each of these affirmative defenses are legally valid affirmative defenses, they are not "patently frivolous" or "clearly invalid as a matter of law." *See Morrison*, 434 F. Supp. 2d at 1318. The issue, then, is whether these defenses are adequately pled such that they provide sufficient notice to Plaintiff of the nature of the defense and the grounds upon which it rests. The undersigned is mindful that Defendants have not yet had the opportunity

to conduct discovery regarding facts to support their defenses, as well as the general understanding that a party need not plead such extensive facts in support of an affirmative defense as with a complaint. Nevertheless, as pled, these Affirmative Defenses do not give any indication of the grounds upon which they rest and provide no facts whatsoever to show "how and why the defense[s] . . . appl[y] to [the] case." *Losada*, 296 F.R.D. at 691.

Thus, the undersigned finds these Affirmative Defenses are insufficiently pled. Defendants must provide some clue as to what the intervening or superseding cause of Plaintiff's injuries was or may have been, and they must provide some indication of what Plaintiff is believed to have done to contribute to her harm. Again, detailed facts are not necessary, but there must be some information to demonstrate how these defenses apply in this case. Affirmative Defense E is more problematic because the defense does not even allege Plaintiff failed to mitigate her damages, much less any indication of how, but, rather, the defense merely states that Plaintiff "has a duty to mitigate" her damages. As such, Affirmative Defense E is also invalid for failing to allege that Plaintiff failed to mitigate her damages and how.

Accordingly, the undersigned concludes that Defendants' Affirmative Defenses C, D, and E are not adequately pled and recommends they be stricken without prejudice to replead with more facts demonstrating how these defenses apply in this case.

2. *Carnival's Affirmative Defenses N and O / OneSpaWorld's Affirmative Defenses M and N*

Carnival's Affirmative Defenses N and O and OneSpaWorld's Affirmative Defenses M and N suffer from a similar shortcoming. Carnival's Affirmative Defense N, and OneSpaWorld's Affirmative Defense M provides:

> Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not

7

itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

[ECF No. 7, at 7; ECF No. 8, at 10]. And Carnival's Affirmative Defense O and OneSpaWorld's Affirmative Defense N states:

The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

[ECF No. 7, at 7–8; ECF No. 8, at 10].

Both of these Affirmative Defenses present legally valid affirmative defenses. As explained above, an intervening or superseding cause is a valid affirmative defense in a maritime action. *See Wiegand*, 473 F. Supp. 3d at 1352. Likewise, a defense that a plaintiff's injuries are attributable in whole or in part to a preexisting condition is also a legally valid affirmative defense. *See Melaih v. MSC Cruises, S.A.*, No. 20-cv-61341, 2021 WL 3727837, at *6 (S.D. Fla. July 27, 2021), *report and recommendation adopted*, 2021 WL 3726210 (S.D. Fla. Aug. 23, 2021). Although Plaintiff argues that the second of these, based on an alleged preexisting condition of Plaintiff, misstates the law, citing Florida Jury Instruction 501.5(a), the undersigned disagrees, finding, instead, that the wording of this affirmative defense does not conflict with governing law or Florida's jury instruction. *See Birren*, 336 F.R.D. at 694 (refusing to strike nearly identical defense despite plaintiff's argument that the language of the defense misstated the law regarding pre-existing conditions in Florida Jury Instruction 501.5(a)); *Melaih*, 2021 WL 3727837, at *6 (same).

Nevertheless, like the three Affirmative Defenses discussed above, the undersigned finds that these Affirmative Defenses are also insufficiently pled due to the lack of any

8

information showing how these defenses apply to this case. If Plaintiff had a preexisting, superseding or intervening medical condition that caused or contributed to her injuries alleged in this case, Defendants must at least give notice of what that alleged injury or condition is believed to be. Without that information, Plaintiff is not on notice of how and why these defenses apply to this case.

Therefore, the undersigned concludes that Carnival's Affirmative Defenses N and O and OneSpaWorld's Affirmative Defenses M and N are insufficiently pled and recommends that they be stricken without prejudice.

3. *Carnival's Affirmative Defense P / OneSpaWorld's Affirmative Defense O*

Carnival's Affirmative Defense P and OneSpaWorld's Affirmative Defense O state:

> The Plaintiff's damages were caused in whole or in part by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

[ECF No. 7, at 8; ECF No. 8, at 10].

Plaintiff argues this affirmative defense should be stricken as factually insufficient and because the *Fabre*[4] doctrine (*i.e.*, apportionment of fault to a non-party) is not legally cognizable in federal maritime cases. *See* Motions to Strike, at 6–8. In response, Defendants argue this affirmative defense does not seek to have the jury apportion a percentage of fault to third parties. Rather, Defendants assert this affirmative defense puts Plaintiff on notice of Defendants' intent to raise the argument that others are responsible for Plaintiff's damages. Joint Response, at 6–7.

---

[4] *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).

9

"The Eleventh Circuit has held that it is erroneous to apportion fault between a party and a non-party in a federal maritime action, because determinations of liability and causation should be settled 'between two live opponents,' rather than by a plaintiff and a defendant, in the absence of the non-party to whom liability is being apportioned." *Wiegand*, 473 F. Supp. 3d at 1351 (quoting *Groff v. Chandris, Inc.*, 835 F. Supp. 1408, 1410 (S.D. Fla. 1993)). Therefore, Florida's *Fabre* defense, providing apportionment of liability to non-parties, is not cognizable in federal maritime actions. *Id.*; *see also Melaih*, 2021 WL 3727837, at *7 (recommending that defendant's *Fabre* defense be stricken with prejudice as not legally cognizable in maritime actions).

Here, as pled, the affirmative defenses appear to both attribute fault entirely to others and, in the alternative, apportion some fault to non-parties. Because the *Fabre* doctrine is not applicable in maritime cases, to the extent Carnival's Affirmative Defense P and OneSpaWorld's Affirmative Defense O seek to apportion liability to non-parties, they are not legally cognizable.

On the other hand, unlike the preceding affirmative defenses discussed above, these defenses do at least provide some information, albeit minimal and vague, regarding how they apply to this case. That is, they indicate that fault is attributable to healthcare providers who rendered treatment to Plaintiff before and/or after the subject cruise.

Based on the above, the undersigned concludes that Carnival's Affirmative Defense P and OneSpaWorld's Affirmative Defense O should be stricken without prejudice to replead to clearly indicate that the defenses attribute fault entirely to others and are not intended to impermissibly apportion fault.

4. *Carnival's Affirmative Defenses Q, R, S / OneSpaWorld's Affirmative Defenses P, Q, R*

Plaintiff asserts the following affirmative defenses should also be stricken because Defendants have failed to provide sufficient facts in support of the defenses:

<u>Carnival's Affirmative Defense Q / OneSpaWorld's Affirmative Defense P</u>

Defendant fully discharged its duties to Plaintiff by warning of any and all dangerous or hazardous conditions associated with her incident aboard the vessel.

<u>Carnival's Affirmative Defense R / OneSpaWorld's Affirmative Defense Q</u>

Defendant had no notice of any dangerous or risk-creating condition or behavior.

<u>Carnival's Affirmative Defense S / OneSpaWorld's Affirmative Defense R</u>

Any risks complained of by Plaintiff were open and obvious, obviating any duty to warn by Defendant.

[ECF No. 7, at 8; ECF No. 8, at 10–11]. Defendants again argue they have not had the benefit of discovery to ascertain the relevant facts to support these affirmative defenses. Defendants further argue these affirmative defenses provide fair notice to Plaintiff of the nature of each defense. Joint Response, at 9–10.

As for the first two of these Affirmative Defenses, Carnival's Affirmative Defenses Q and R and OneSpaWorld's Affirmative Defenses P and Q, the undersigned finds these are not affirmative defenses but, rather, are merely specific denials of elements of Plaintiff's failure to warn cause of action under Counts I and II of the Complaint. Indeed, "[a] defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *McLendon*, 2021 WL 848945, at *3 (citing *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)).

"In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial."

*Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1269 (3d ed. 2004)). "When an affirmative defense is mislabeled and is more properly a denial, the Court should not strike the claim but should treat it as a specific denial." *Losada*, 296 F.R.D. at 691; *see also Berry v. Diamond Resorts Mgmt., Inc.*, No. 09-22740, 2010 WL 11504802, at *1 (S.D. Fla. Oct. 4, 2010) (Jordan, J.) ("Because it is apparently an element of a claim, this alleged affirmative defense will be treated as a denial of an element of the cause of action rather than as an affirmative defense.").

Accordingly, the undersigned finds that Carnival's Affirmative Defenses Q and R (and OneSpaWorld's Affirmative Defenses P and Q) are not proper affirmative defenses but are mere denials and that the appropriate remedy is not to strike them but to treat these defenses as denials rather than affirmative defenses.

As for Carnival's Affirmative Defense S (and OneSpaWorld's Affirmative Defense R), an argument that an allegedly dangerous condition was open and obvious is a valid affirmative defense. *See generally Gray v. L.B. Foster Co.*, 761 F. App'x 871, 873 (11th Cir. 2019) ("An argument that a danger was open and obvious is an affirmative defense for which the invitor bears the burden of proof." (citation omitted)); *Johnson v. NCL (Bah.) Ltd.*, No. 16-21762, 2017 WL 1293770, at *4 (S.D. Fla. Feb. 3, 2017) ("A jury may find the danger of the wet floor was an open and obvious condition and choose to reduce or deny any claims of negligence against Norwegian consistent with Norwegian's first and second Affirmative Defenses."). Here, the undersigned finds that Carnival's Affirmative Defense S (and OneSpaWorld's Affirmative Defense R) is a proper affirmative defense that does provide sufficient notice to Plaintiff and, therefore, this Affirmative Defense should not be stricken.

5. *Defendants' Affirmative Defense G; Carnival's Affirmative Defense T / OneSpaWorld's Affirmative Defense S*

In the Motions to Strike, Plaintiff also challenged Defendants' Affirmative Defense G, asserting an entitlement to a "set-off for all sums paid or payable by collateral sources," as well as Carnival's Affirmative Defense T and OneSpaWorld's Affirmative Defense S, asserting "Plaintiff's claim against Defendant is a fraud in whole or in part." Motions to Strike, at 3–5, 10. As indicated above and in the Joint Response, Defendants agreed to withdraw these affirmative defenses. Joint Response, at 1 n.1. Therefore, Plaintiff's Motion, insofar as it is directed at these Affirmative Defenses, should be denied as moot.

IV.  **RECOMMENDATIONS**

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Motions to Strike Defendants' Affirmative Defenses [ECF Nos. 11 and 12] be **GRANTED IN PART AND DENIED IN PART** as follows:

1. **GRANTED** as to Carnival's Affirmative Defenses C, D, E, N, O, and P, and OneSpaWorld's Affirmative Defenses C, D, E, M, N, and O, and these affirmative defenses should be **STRICKEN** without prejudice to replead;

2. **DENIED** as to Carnival's Affirmative Defenses Q and R and OneSpaWorld's Affirmative Defenses P and Q, but these affirmative defenses should be treated as **DENIALS**;

3. **DENIED** as to Carnival's Affirmative Defense S and OneSpaWorld's Affirmative Defense R; and

4. **DENIED AS MOOT** as to Carnival's Affirmative Defenses G and T and OneSpaWorld's Affirmative Defenses G and S since these affirmative defenses were withdrawn.

13

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable James Lawrence King, United States District Court Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 17th day of May 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable James Lawrence King
Counsel of Record